# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| HANNAH BLEAVINS, as Administrator of the Estate of KOREY DUPREE, Deceased and on Behalf of All Other Wrongful Death Beneficiaries,<br><br>    Plaintiffs,<br><br>vs.<br><br>NEW CSQ, LLC;<br>NEW CSQ II, LLC;<br>BIRGE & HELD ASSET MANAGEMENT, LLC and<br>JOHN DOES 1-5,<br><br>    Defendants. | Case No.: _____<br><br>**JURY DEMANDED** |

## COMPLAINT FOR WRONGFUL DEATH

Plaintiff, HANNAH BLEAVINS, as Administrator of the Estate of KOREY DUPREE, Deceased, and on Behalf of all other Wrongful Death Beneficiaries ("Plaintiff"), by and through her counsel of record, **Wells & Associates, PLLC**, and for this Wrongful Death Complaint against the Defendants, NEW CSQ, LLC; NEW CSQ II, LLC; BIRGE & HELD ASSET MANAGEMENT, LLC, and JOHN DOES 1-5. (Collectively "Defendant"), states as follows:

## **JURISDICTION**

1. Plaintiff is a resident of Memphis, Shelby County, Tennessee.

2. The Tennessee Wrongful Death Statutes at Tennessee Code Annotated, Section 20-5-106 and 20-5-107 set forth a hierarchy as to the individual or representative that has the priority

to prosecute a wrongful death action on behalf of the decedent because multiple actions may not be brought to resolve a single wrongful death claim. Upon information and belief, the decedent's parents have the superior priority above all others living to file a wrongful death action and control the litigation. The Decedent's parents have chosen and entrusted, Hannah Bleavins, as Administrator of the Estate of Korey Dupree, Deceased to represent their interests in this matter.

3. Upon information and belief, Korey Dupree, Deceased ("Decedent") was a resident of Memphis, Shelby County, Tennessee and his last known residence was 332 S. Berkshire Cove, Cordova, Shelby County, Tennessee 38018.

4. Upon information and belief, Defendant NEW CSQ, LLC, is a foreign corporation authorized to do business in the State of Tennessee and otherwise conducting business within the State of Tennessee.

5 Upon information and belief, Defendant NEW CSQ II, LLC, is a foreign corporation authorized to do business in the State of Tennessee and otherwise conducting business within the State of Tennessee.

6. Upon information and belief, Defendant BIRGE & HELD ASSET MANAGEMENT, LLC is a foreign corporation authorized to do business in the State of Tennessee and/or otherwise conducting business within the State of Tennessee.

7. Upon information and belief, Defendants principal place of business address is 8902 N. Meridian Street – Suite 205, Indianapolis, IN 46260.

8. Upon information and belief, Defendants NEW CSQ, LLC and NEW CSQ II, LLC may be served with process at the address of its Registered Agent, CORPORATION SERVICE COMPANY, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

9. Upon information and belief, Defendant BIRGE & HELD ASSET

MANAGEMENT, LLC may be served with process at the address of its Registered Agent, Andrew, J. Held, at 8902 N. Meridian Street – Suite 205, Indianapolis, Indiana 46260.

10. Defendants John Does 1-5 are unknown individuals and/or entities liable to Plaintiff for the acts and omissions as alleged herein. Names and capacities of Defendants John Does 1-5 inclusive, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, who, therefore sue said Defendant by fictitious names and will further seek leave from this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained.  Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of negligence, wanton and reckless misconduct, breach of warranty, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, and said Defendants, each of them, proximately caused injury and damage occasioned herein.

11. This cause of action arises out of tort to include, but not limited to, negligent acts and/or omissions for the Wrongful Death of Korey Dupree, Deceased, by the Defendants that occurred on Defendants' property in Memphis, Shelby County, Tennessee.

12. Said incident is the subject matter of this cause of action, and Defendants are subject to the jurisdiction and venue of this Honorable Court.

## **FACTS**

13. On or about February 13, 2020 in the evening, officers responded to a homicide at The View At Shelby Farms Apartments.

14. Upon information and belief, The View at Shelby Farms Apartments are owned and/or operated by New CSQ, LLC and/or New CSQ II, LLC.

15. Upon information and belief, The View at Shelby Farms Apartments are managed by Birge & Held Asset Management, LLC.

16. At some point prior to February 13, 2020 but after the evening of February 11, 2020, an unidentified person(s) entered the decedent's apartment and attempted to rob the decedent.

17. During this robbery Decedent was shot multiple times and killed inside his apartment at The View at Shelby Farms.

18. Shortly thereafter on the evening of February 13, 2020, the Decedent's family discovered him deceased within his apartment at The View at Shelby Farms.

19. Memphis Police and Paramedics made the scene shortly thereafter and Korey Dupree was pronounced deceased at his apartment within The View at Shelby Farms.

20. For a period of time prior to February 13, 2020, the parking lots, common areas, and other areas surrounding the subject premises were not operated in a reasonably safe manner. Defendant knew or should have known that said areas were not maintained in a reasonably safe manner.

21. At all times pertinent to this cause of action, Defendant owned, possessed, controlled, and/or managed and/or possessed the right to control, operate and/or manage The View at Shelby Farms, located in Memphis, Shelby County, Tennessee.

22. Defendant failed to fulfill their duty to use reasonable care and take adequate and reasonable precautions and measures to protect the tenants of the subject premises from foreseeable harm and danger, including the harm suffered by Decedent.

23. Defendant, at all times relevant hereto, failed to provide reasonable and adequate protection for Decedent and other invitees on the premises despite the knowledge of Defendant, actual or otherwise, about the dangers existing there.

24. Defendant owed a duty to Decedent to provide security and to warn of known dangers, to hire adequately trained employees and agents, to control the conduct, ingress, and egress of third-persons, and to adequately respond to a criminal attack on the premises.

25. Before February 13, 2020, Defendant knew or should have known that the subject premises, including the common areas, had inadequate security, that strangers and loiterers frequented the common areas of the premises and that the premises, including the common areas, were not reasonably safe and that criminal acts against their tenants and invitees were reasonably foreseeable. Despite knowledge of these conditions, Defendant did nothing to remedy or repair these unsafe conditions and inadequacies. Defendant also knew or should have known that an atmosphere of violence existed at and immediately around the apartment complex. Further, Defendant did nothing to warn tenants and invitees that an atmosphere of violence existed on and around the property.

26. Contributing and/or proximate factors or causes of the attack on Decedent, was Defendant's failure to monitor the ingress and egress of strangers in and around the premises, and the unsafe condition of the premises in general.

27. Further contributing and/or proximate factors or causes of the attack on Decedent include the failure of Defendant to hire a trained and certified security guard service despite their knowledge of the need for such service to protect their tenants and business invitees.

28. Defendant owed a duty to Decedent to provide a reasonably safe environment, a duty to warn of known dangers, and a duty to hire adequately trained employees and agents, and

to maintain adequate security at the property including, but not limited to, fencing, gates, lighting, and cameras.

29. At the time of the subject incident, Defendant failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the subject premises reasonably safe and failed to take measures to protect tenants and business invitees from foreseeable harm or danger, including the harm suffered by Decedent.

**COUNT 1:   FAILURE TO PROVIDE A REASONABLY SAFE PREMISES**

30. Plaintiff adopts by reference the foregoing paragraphs.

31. Defendant, individually, jointly, and severally, owed Decedent an ordinary duty of care, specifically, a duty to provide reasonable safety measures to protect Decedent from foreseeable harm.

32. Defendant breached said duty owed to Decedent and were negligent by failing to provide adequate security at the apartments, by failing to control ingress and egress, by failing to take or implement reasonable measures for the personal security and safety of Decedent, by failing to provide tenants with "resident stickers" for their vehicles, failure to maintain adequate lighting and sight lines, failure to maintain security gates and fences, failure to provide and/or maintain security cameras, by failing to warn Decedent of the foreseeable harm he suffered, and by failing to reasonably inspect and make the premises safe. Despite their knowledge of these conditions, Defendant did nothing to remedy or repair these unsafe conditions and inadequacies.

33. Contributing and/or proximate factors or causes of the attack on Decedent were a complete lack of security at the apartment complex, the lack of adequate gates and fences, failure to provide and/or maintain security cameras, the presence of strangers in and around the apartments, and the unsafe conditions of the apartments in general.

34. At the time of the subject incident, Defendant failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the apartments reasonably safe including failure to take reasonable security precautions or measures and to take other such reasonable security precautions or measures to protect tenants and business invitees from foreseeable harm and danger, including the harm suffered by Decedent.

## COUNT 2:    FAILURE TO TRAIN/SUPERVISE

35. Plaintiff adopts by reference the foregoing paragraphs.

36. Defendant owed Decedent an ordinary duty of care to train, hire, and supervise all employees regarding how to identify, report, and prevent threats or acts of violence on the property and potential security breaches, in order to satisfy their duty of protection to their business invitees and tenants.

37. Defendant further failed to train their on-site managers, and all other on-site employees at The View at Shelby Farms in the areas of security, risk management, and generally how to keep their tenants and business invitees reasonably safe from foreseeable harm.

## COUNT 3:    FAILURE TO WARN

38. Plaintiff adopts by reference the foregoing paragraphs.

39. Decedent's injuries occurred as a direct result and proximate consequence of Defendant's negligence, breach of duty of care, and failure to warn of past and foreseeable criminal conduct. As a result of these acts, omissions, and misrepresentations of Defendant, Decedent suffered catastrophic pain and injuries that ultimately led to his death.

## COUNT 4:    GROSS NEGLIGENCE

40. Plaintiff adopts by reference the foregoing paragraphs.

41. The actions, omissions, and conduct of the Defendant was done without just cause and reckless, wanton, conscious, and knowing disregard of Decedent's rights and personal safety. Defendant was grossly negligent in engaging in the aforesaid acts, omissions, and conduct.

## INJURIES

42. Plaintiff alleges that as a direct and proximate result of negligence on the part of the Defendant, the Deceased, suffered severe, serious, painful, and permanent personal injuries including, but not limited to, the following:

  a. Pain and suffering;

  b. Fright and shock;

  c. Wrongful Death;

  d. Loss of enjoyment of life, past, present and future;

  e. Loss of Consortium, past, present and future;

  f. Loss of pecuniary benefits past, present and future;

  g. Funeral Expenses; and

  h. All other damages pursuant to the Wrongful Death Act for his heirs at law, and for all of the harms and losses suffered by these individuals and provided for by Federal and Tennessee Law, including, but not limited to their loss of support, services, companionship, consortium and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays:

1. That proper process issue against the Defendant requiring them to plead and answer.

2. That Plaintiff, HANNAH BLEAVINS, Administrator of the Estate of Korey Dupree, Deceased, be awarded a judgment against the Defendant in an amount not less than Ten Million Dollars ($10,000,000.00) in actual and compensatory damages.

3. That Plaintiff, HANNAH BLEAVINS, Administrator of the Estate of Korey Dupree, Deceased, be awarded punitive damages in amount not less than Ten Million Dollars ($10,000,000.00) for Defendant's grossly negligent, reckless and/or willful acts and/or omissions in this case, where such actions caused actual damage to the Plaintiffs.

4. That Plaintiff, HANNAH BLEAVINS, Administrator of the Estate of Korey Dupree, Deceased, be awarded Funeral Expenses in the amount of Ten Thousand Dollars ($10,000.00).

5. That Plaintiff, HANNAH BLEAVINS, Administrator of the Estate of Korey Dupree, Deceased, be granted such other relief, general or specific, that this Honorable Court deems equitable and just.

6. That the costs of this action be awarded to Plaintiff.

7. That a jury of the Plaintiff's peers be empaneled to try these issues when joined.

8. That the Plaintiff reserves the right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

**WELLS & ASSOCIATES, PLLC**

<u>/s/ Aaron A. Neglia</u>
MURRAY B. WELLS (BPR# 021749)
AARON A. NEGLIA (BPR# 033816)
Attorneys for Plaintiff
81 Monroe Avenue – Suite 400
Memphis, TN 38103
PHONE:       (901) 507-2521
FACSIMILE:  (901) 507-1791
EMAIL:        wells@thewellsfirm.com
EMAIL:        neglia@thewellsfirm.com